**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**


| | | |
|---|---|---|
| **ROBERT DARDEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0703-M** |
| | ) | |
| **DALLAS COUNTY JAIL, et al.,** | ) | |
| **Defendants.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:   Plaintiff is a resident of Dallas, Texas.  At the time of filing this action he was confined at the Dallas County Jail in Dallas, Texas.

The complaint names as Defendant the Dallas County Jail.  In answer to the magistrate judge's questionnaire, filed on July 15, 2005 (the first questionnaire), Plaintiff names the following additional Defendants:  the Dallas County Sheriff's Department; the University of Texas Medical Branch (UTMB) Medical Service Department at the Lew Sterrett Justice Center; Dr. Steven Bowers, Director of Inmate Medical Services; Corrame A. Godbolt, Dallas County Assistant District Attorney; and unidentified Medical Staff at the Dallas County Jail.

Process has not been issued, pending preliminary screening of the complaint.[1]

Statement of Case: The complaint alleges that Defendants were deliberately indifferent to Plaintiff's serious medical condition caused by his colon cancer and colon bag during his incarceration at the Dallas County Jail.  He seeks monetary relief.[2]

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

---

[1]     On October 11, 2005, Plaintiff filed his answers to the magistrate judge's supplemental questionnaire in two documents.  (See Docket # 17 and #18).

[2]     Plaintiff's release from the Dallas County Jail rendered moot his requests for declaratory and injunctive relief.  See Order filed on June 23, 2005.

Plaintiff's claims against the Dallas County Jail and the Dallas County Sheriff

Department lack an arguable basis in law.  It is well settled that a plaintiff may not bring a civil

rights claim against a servient political agency or department unless such agency or department

enjoys a separate and distinct legal existence.  See Darby v. Pasadena Police Dep't, 939 F.2d

311, 313 (5th Cir. 1991).  In Darby, the Fifth Circuit held that "unless the true political entity has

taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in

any litigation except in concert with the government itself."  Id.  Plaintiff has failed to show that

the Dallas County Jail and the Dallas County Sheriff's Department have ever been granted the

capacity to sue or be sued.  Thus, Plaintiff's suit seeks relief from entities which are not subject

to suit under § 1983.  See id. at 314.

The claims against Assistant District Attorney Corrame A. Godbolt fare no better.

Plaintiff has failed to allege that Godbolt was personally involved in a constitutional deprivation.

Nor has he alleged a sufficient causal connection between Godbolt's alleged wrongful conduct

and any constitutional violation.  See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir.1987).

"As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either

personally involved in the constitutional violation or whose acts are causally connected to the

constitutional violation alleged.'"  Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir.

2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v.

Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a

civil rights cause of action.");  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same).  In

answer to the questionnaire, Plaintiff concedes that Defendant Godbolt was not involved in the

alleged denial of medical care, and that he met Godbolt in the courtroom only on one unrelated

3

occasion in connection with his criminal case.  (Answer to Question 13 of the supplemental

questionnaire).

Accepting as true Plaintiff's allegations as to the denial of medical care for his colon

cancer and colon bag, the magistrate judge concludes that Plaintiff has arguably raised a claim

cognizable under 42 U.S.C. § 1983.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (to state a

colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates

must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to

serious medical needs."); Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999)

(under the Due Process Clause of the Fourteenth Amendment, the same standard applies to

pretrial detainees who complain of episodic acts or omissions resulting in the denial of medical

care).  Plaintiff's allegations that UTMB, Dr. Steven Bowers and the unidentified medical staff

at the Dallas County Jail refused to provide any medical care for his colon cancer and colostomy

bag raise a claim that they may have been deliberately indifferent to a serious medical need.

(Answer to supplemental questions 1-3 and 8).  Therefore, Plaintiff's medical care claim is not

subject to dismissal at the screening stage.

Plaintiff has been given an opportunity to expound on the factual allegations of his

complaint by way of questionnaire.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)

(reaffirming use of a questionnaire as useful and proper means for court to develop factual basis

of *pro se* plaintiff's complaint); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994) (same); Watson v.

Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (same).  Because he has failed to allege any

cognizable claim for relief against the Dallas County Jail, the Dallas County Sheriff Department,

and Corrame A. Godbolt under § 1983, they should be dismissed with prejudice as frivolous

pursuant to §§ 1915A(b)(1) and 1915(e)(2)(B)(i).  Plaintiff's claims for denial of medical care

against UTMB, Dr. Steven Bowers, and the Medical Staff at the Dallas County Jail, are not

subject to dismissal at the screening stage and process should issue as to these defendants.

RECOMMENDATION:

For the forgoing reasons, it is recommended that Plaintiff's claims against the Dallas

County Jail, the Dallas County Sheriff Department, and Corrame A. Godbolt be dismissed with

prejudice as frivolous, see 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1), and that

process should be issued as to UTMB and Dr. Steven Bowers.[3]

The District Court should order the Court Clerk to prepare and issue SUMMONS as to

the University of Texas Medical Branch (UTMB), c/o John D. Stobo, Administration Building,

Suite 604, 301 University Blvd., Galveston, Texas 77555, and Dr. Steven Bowers, Dallas County

Jail, Medical Department, 3rd Floor, 111 Commerce Street, Dallas, Texas 75202, and deliver the

same to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of

Civil Procedure, along with a copy of the complaint, the recommendation of the magistrate

---

[3]      Service of process cannot be issued at the present time with respect to the
unidentified Medical Staff at the Dallas County Jail.

judge, and Plaintiff's answers to the questionnaires filed on July 15, 2005, and October 11, 2005

(Docket #15, # 17 and #18).

     A copy of this recommendation will be mailed to Plaintiff.

     Signed October 24, 2005.


                         _____

                         PAUL D. STICKNEY
                         UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

     In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.