IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT DARDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0703-M |
| | § | |
| THE UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH (UTMB) et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, entered March 14, 2006, the District Court referred Defendant University of Texas Medical Branch's ("UTMB") Motion to Dismiss Plaintiff's Original Complaint, filed January 3, 2006, and Defendant Dr. Steven Paul Bowers' ("Dr. Bowers") Motion to Dismiss Plaintiff's Original Complaint, filed February 2, 2006, to the United States Magistrate Judge for findings and recommendation. Plaintiff Robert Darden ("Plaintiff") did not file a response to UTMB's motion to dismiss or to Dr. Bowers' motion to dismiss. On May 8, 2006, the Court conducted a evidentiary hearing in order to obtain additional information about the factual basis of Plaintiff's complaint, pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1995). For the reasons stated below, the Court recommends that the District Court **GRANT** UTMB's motion to dismiss and that the District Court **GRANT in part** and **DENY in part** Dr. Bowers' motion to dismiss.

**BACKGROUND**

Plaintiff initiated this lawsuit on April 8, 2005, while he was incarcerated in Dallas County Jail, seeking an injunction and compensatory damages for inadequate medical care. (*See Pl.'s*

*Compl.* at 4.) The following parties are the remaining defendants: UTMB, Dr. Bowers, who is the Director of Inmate Medical Services, and the medical staff at the Dallas County Jail (collectively "Defendants"). Plaintiff has since been released from Dallas County Jail, thus his request for injunctive relief is now moot.

The following alleged facts are the basis of Plaintiff's claim for inadequate medical care, as stated at his *Spears* hearing on May 8, 2006. Before his incarceration, Plaintiff underwent surgery, which resulted in Plaintiff having a colon bag. Plaintiff stated that he must change his colon bag every three to four days. When he needed to change his colon bag, he would request a new bag from the guards at Dallas County Jail. Plaintiff said that numerous times, upon requesting a new colon bag, he did not promptly receive one, which often caused him to use the same colon bag for six to seven days. The longest time he could recall wearing the same colon bag was nine days. Plaintiff stated that, when his colon bag was properly functioning, his excrement would pass through the colon bag. Plaintiff stated that the delay in receiving colon bags caused him to experience "bypasses," which he described as releasing excrement anally. Plaintiff said he did not have "bypasses" before he was in Dallas County Jail and that he is still experiencing them. He said that he will require surgery to remedy this condition.

Plaintiff stated that he submitted seven or eight requests to see a doctor while he was in Dallas County Jail but that he did not see a doctor until he had been in Dallas County Jail for six months. He said that he frequently saw medical technicians but that they could not assist him. Plaintiff stated that he wrote Dr. Bowers a letter, explaining his medical condition, indicating that he was not promptly receiving colon bags, describing the complications he was experiencing due to not promptly receiving colon bags, and requesting medical attention. Plaintiff said that he never

2

received a response from Dr. Bowers.

UTMB moves to dismiss on two grounds. First, UTMB argues that sovereign immunity bars Plaintiff's claims and that the Court should dismiss his claims for lack of subject matter jurisdiction. (*See Def.'s Mot.* at 4-6.) Second, UTMB alleges that Plaintiff fails to state a claim upon which relief can be granted. (*See id.* at 6-9.) Dr. Bowers also moves to dismiss on two grounds. Dr. Bowers alleges that qualified immunity bars Plaintiff's claims and that Plaintiff fails to state a claim upon which relief can be granted. (*Def.'s Mot.* at 4-9.)

## **STANDARD OF REVIEW**

The Court will apply the following standard of review to UTMB and Dr. Bowers' motions to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). Courts can dismiss for lack of subject matter jurisdiction based upon any one the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). When considering a Rule 12(b)(1) motion, courts may weigh and balance factual evidence and are not "limited to an inquiry into undisputed facts." *Id.* District courts have discretion to determine how to resolve conflicting evidence underlying jurisdictional questions. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947), *overruled on other grounds by Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). The Court can grant a motion to dismiss for lack of subject matter jurisdiction if the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Court will apply the following standard of review to UTMB and Dr. Bowers' motions

to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe his allegations liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## DISCUSSION

### I. UTMB's Motion to Dismiss

When a motion to dismiss for lack of subject matter jurisdiction is filed concurrently with other Rule 12 motions, courts should consider the motion to dismiss for lack of subject matter jurisdiction before addressing a motion to dismiss on the merits of the case. *Ramming*, 281 F.3d at

4

161. Thus, the Court first turns to UTMB's contention that sovereign immunity bars Plaintiff's claims. In his response to the Magistrate Judge's Questionnaire, filed October 11, 2005, Plaintiff states that Defendants acted negligently and with deliberate indifference when they deprived him medical care. (*See Pl.'s Resp.* at 7.) When considering UTMB's claim of sovereign immunity, the Court construes Plaintiff's complaint as seeking relief under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment and under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-101.009 (Vernon 2005) ("TTCA") for negligence.

Pursuant to the Eleventh Amendment, "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Accordingly, unless a state has waived Eleventh Amendment immunity, neither a state nor its agencies are subject to suit in federal court. *Id.* Texas law indicates that UTMB is part of the University of Texas, which is a state agency or governmental body. TEX. EDUC. CODE ANN. § 65.02(a)(8) (Vernon 2005). UTMB is, therefore, immune to suit in federal court, unless UTMB has waived its sovereign immunity.

**A.  Sovereign Immunity and Plaintiff's 42 U.S.C. § 1983 Claim**

42 U.S.C. § 1983 provides redress when a person, acting under the color of state law, deprives someone of "rights, privileges, or immunities secured by the Constitution and laws." The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" and that such "deliberate indifference" is proscribed by the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Accordingly, pursuant to § 1983, prisoners

may raise claims of inadequate medical care in violation of the Eighth Amendment. However, in this case, sovereign immunity bars Plaintiff's § 1983 claim against UTMB because states and state agencies have Eleventh Amendment sovereign immunity from § 1983 suits in federal court. *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979) (reaffirming the Supreme Court's previous holding in *Edelman v. Jordan*, 415 U.S. 651 (1974), that "§ 1983 did not override state immunity"). The Court, therefore, recommends that the District Court dismiss Plaintiff's § 1983 claim against UTMB with prejudice.

### B. Sovereign Immunity and Plaintiff's Tort Claim

Assuming that Plaintiff is attempting to state a claim of negligence against UTMB, he would proceed under the TTCA. The TTCA provides a waiver of sovereign immunity for certain torts. TTCA claims, however, must be brought in Texas courts. TEX. CIV. PRAC. & REM. CODE. ANN. § 101.102. (Vernon 2005) (stating that "[a] suit under this chapter shall be brought in state court"); *O'Rourke v. United States*, 298 F. Supp. 2d 531, 536-37 (E.D. Tex. 2004). By reserving its waiver of immunity for state court proceedings, Texas has refused to consent to suit in federal court. Accordingly, sovereign immunity bars TTCA claims in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984); *Quern*, 440 U.S. at 337. The Court, therefore, recommends that the District Court dismiss Plaintiff's negligence claim against UTMB because UTMB has not waived its sovereign immunity under the TTCA.

## II. Dr. Bowers' Motion to Dismiss

Dr. Bowers moves to dismiss Plaintiff's claims on two grounds - lack of subject matter jurisdiction and failure to state a claim. Dr. Bowers claims that Plaintiff's suit against him in his individual capacity is barred by qualified immunity.

6

### A. Qualified Immunity and Plaintiff's § 1983 Claim

When determining whether Dr. Bowers is entitled to qualified immunity, the Court must consider two issues: (1) whether Plaintiff has alleged a violation of a clearly established constitutional right and (2) if so, whether Dr. Bowers' conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). The Court begins its qualified immunity analysis with an examination of whether Plaintiff has alleged a violation of a clearly established constitutional right. *See Wilson*, 526 U.S. at 609 (indicating that "[d]eciding the constitutional question before addressing the qualified immunity question . . . promotes clarity in the legal standards for official conduct).

To state a § 1983 claim, Plaintiff must show that Dr. Bowers acted under the color of law and that Dr. Bowers' conduct deprived Plaintiff of a constitutional right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981). As an employee of a state agency, Dr. Bowers clearly was acting under the color of state law. Thus, the issue is whether Plaintiff has stated a claim that Dr. Bowers deprived Plaintiff of medical care.

To state a claim for denial of medical care, Plaintiff must plead facts that, if taken as true, illustrate that Dr. Bowers' actions or omissions were deliberately indifferent to Plaintiff's medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hare*, 135 F.3d at 326. Deliberate indifference occurs when the state actor is aware of and disregards a serious medical condition of the plaintiff. *Farmer*, 511 U.S. at 837. In addition, the state actor must be aware of facts "from which the inference could be drawn that a substantial risk of harm exists," and the state actor must also draw such an inference. *Id.* The plaintiff must allege

7

that the state actor's conduct was more than merely negligent. *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) (per curiam). The plaintiff also must demonstrate that the state actor was personally involved with the alleged deprivation of the plaintiff's constitutional right or that a causal connection exists between the state actor and the deprivation. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Douthit v. Jones*, 641 F.2d 345, 345-46 (5th Cir. 1981) (per curiam).

The Court concludes that Plaintiff has plead facts, that if taken as true, show that Dr. Bowers was deliberately indifferent to Plaintiff's serious medical needs and thus has stated a constitutional claim for deprivation of medical care. Plaintiff stated that he wrote Dr. Bowers a letter informing him that he was not promptly receiving new colon bags when he requested them and advising him that he needed to see a doctor about the related "bypasses" he was experiencing. If this is taken as true, Plaintiff's allegation illustrates that Dr. Bowers knew of Plaintiff's serious medical condition and disregarded it. *See Tuchman*, 14 F.3d at 1067 (requiring courts to accept as true the factual allegations plead by the non-moving party when considering a motion to dismiss); *see also Farmer*, 511 U.S. at 837 (defining "deliberate indifference"). Drawing all reasonable inferences in Plaintiff's favor, Dr. Bowers clearly could have drawn the inference that a "substantial risk of harm" to Plaintiff existed because Plaintiff stated that he informed Dr. Bowers of the complications he was experiencing. *See Tuchman*, 14 F.3d at 1067 (indicating that courts should accept any reasonable inferences that can be drawn from the factual allegations when considering a motion to dismiss); *see also Farmer*, 511 U.S. at 837 (explaining that the state actor must have been able to infer that a substantial risk of harm exists and that the state actor must have drawn that inference). Because Dr. Bowers had notice of Plaintiff's medical condition and failed to address the problem, Dr. Bowers also had a causal connection to the alleged deprivation of Plaintiff's constitutional right. *Thompkins*,

8

828 F.2d at 303-04 (outlining the "causal connection" requirement). The Court, therefore, concludes that Plaintiff has alleged facts sufficient to demonstrate that he was deprived of a clearly established constitutional right.

The Court now turns to the second prong of qualified immunity analysis - whether Dr. Bowers' conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *Wilson*, 526 U.S. at 609. The United States Supreme Court has indicated that the constitutional right alleged to be violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The "relevant inquiry focuses on whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions." *Poe v. Haydon*, 853 F.2d 418, 423-24 (1988). Having found that Plaintiff has alleged a violation of a constitutional right, the Court also concludes that, taking the facts plead by Plaintiff to be true, Dr. Bowers' failure to act to provide Plaintiff medical care was objectively unreasonable in light of the clearly established law at the time. At the time Plaintiff notified Dr. Bowers of his medical condition, the Eighth Amendment jurisprudence indicated that, if a prison medical official was aware of and disregarded a prisoner's serious medical condition, such disregard constitutes deliberate indifference to the prisoner's medical needs. *Wilson*, 526 U.S. at 609. Dr. Bowers, therefore, had notice that he should not disregard a prisoner's serious medical needs, and doing so was objectively unreasonable in light of the law at the time. Thus, the Court concludes that Plaintiff has alleged facts sufficient to overcome Dr. Bowers' claim of qualified immunity and that Plaintiff may bring his § 1983 claim against Dr. Bowers in his individual capacity.

Plaintiff may not, however, sue Dr. Bowers in his official capacity.  A suit against a state employee in his or her official capacity is effectually a suit against the state agency itself. *Ky. Bureau of State Police v. Graham*, 473 U.S. 159, 165-66 (1985).  Dr. Bowers is an employee of UTMB.  Having already concluded that sovereign immunity bars Plaintiff's claims against UTMB, the Court similarly concludes that Plaintiff cannot sue Dr. Bowers in his official capacity.

**B.  Qualified Immunity and Plaintiff's Negligence Claim**

Plaintiff also claims that Dr. Bowers negligently denied Plaintiff of medical care.  (*Pl.'s Resp. to Questionnaire* at 7.)  The Court has already determined that Plaintiff cannot sue Dr. Bowers is his official capacity, and the Court now concludes that Plaintiff cannot sue Dr. Bowers in his individual capacity for negligence.  The Supreme Court has held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Plaintiff's negligence claims does not state facts sufficient to overcome Dr. Bowers' qualified immunity.  To state a constitutional claim, Plaintiff must allege more than mere negligence. *Thomas*, 846 F.2d at 1011.  The TTCA provides a limited waiver of immunity for certain torts, but, as previously discussed, TTCA claims must be brought in state court. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 101.102.  The Court, therefore, recommends that the District Court grant Dr. Bowers' motion to dismiss as it pertains to Plaintiff's negligence claim.

**C.  Failure to State a Claim**

Having decided that Plaintiff has alleged sufficient facts to overcome Dr. Bowers claim of qualified immunity, the Court now must address whether Plaintiff has stated a claim upon which

10

relief can be granted. In the course of the above qualified immunity analysis, the Court already determined that Plaintiff has stated a claim pursuant to § 1983. The Court, therefore, recommends that the District Court deny Dr. Bowers' motion to dismiss as it pertains to Plaintiff's § 1983 claim.

## CONCLUSION

The Court concludes that sovereign immunity bars Plaintiff's claims against UTMB. The Court concludes that qualified immunity does not bar Plaintiff's claim against Dr. Bowers and that Plaintiff states a § 1983 claim against Dr. Bowers. The Court also concludes that qualified immunity bars Plaintiff's negligence claim against Dr. Bowers.

## RECOMMENDATION

The Court recommends that the District Court grant UTMB's motion to dismiss. The Court recommends that the District Court deny Dr. Bowers' motion to dismiss as it pertains to Plaintiff's § 1983 claim and grant Dr. Bowers' motion to dismiss as it pertains to Plaintiff's negligence claim.

Signed this 24th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE