**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT DARDEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-0703-M** |
| | § | **ECF** |
| **DR. STEVEN BOWERS, Director of Inmate** | § | |
| **Medical Services, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Standing Order of Reference (doc. 42), Defendant Dr. Steven Bowers' ("Dr. Bowers") Motion for Summary Judgment (doc. 39) has been referred to the United States Magistrate Judge for report and recommendation.  No response has been filed.  For the reasons stated below, this Court recommends that the Motion for Summary Judgment be **GRANTED**.

**I. BACKGROUND**

Plaintiff Robert Darden (the "Plaintiff") initiated this lawsuit on April 8, 2005, while he was incarcerated in Dallas County Jail, seeking an injunction and compensatory damages for inadequate medical care.  *See* Pl.'s Compl. at 4.  Plaintiff named the following parties as defendants: Dallas County Jail; Dallas County Sheriff's Department; University of Texas Medical Branch Medical Service at the Lew Sterret Justice Center; Dr. Bowers, the Director of Inmate Medical Services; Corrame A. Godbolt, the Dallas County Assistant District Attorney; and the medical staff at the Dallas County Jail.  The remaining defendants are Dr. Bowers and the Dallas County Jail medical staff.  Plaintiff has since been released from Dallas County Jail, thus his request for injunctive relief

is now moot.  Dr. Bowers was the medical director at the Dallas County Jail during Plaintiff's incarceration.  Def.'s Br. at 1, 10.

On May 8, 2006, this Court conducted an evidentiary hearing in order to obtain additional information about the factual basis of Plaintiff's complaint, pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1995).  The following alleged facts are the basis of Plaintiff's claim for inadequate medical care, as stated at his *Spears* hearing on May 8, 2006.  Before his incarceration, Plaintiff underwent surgery, which resulted in Plaintiff having a colon bag.  Plaintiff stated that he must change his colon bag every three to four days.  When he needed to change his colon bag, he would request a new bag from the guards at the Dallas County Jail.  Plaintiff said that numerous times, upon requesting a new colon bag, he did not promptly receive one, which often caused him to use the same colon bag for six to seven days.  The longest time he could recall wearing the same colon bag was nine days.  Plaintiff stated that, when his colon bag was properly functioning, his excrement would pass through the colon bag.  Plaintiff stated that the delay in receiving colon bags caused him to experience "bypasses," which he described as releasing excrement anally.  Plaintiff said he did not have "bypasses" before he was in Dallas County Jail and that he is still experiencing them.  He said that he will require surgery to remedy this condition.

Plaintiff stated that he submitted seven or eight requests to see a doctor while he was in Dallas County Jail, but that he did not see a doctor until he had been in Dallas County Jail for six months.  He said that he frequently saw medical technicians but that they could not assist him. Plaintiff stated that he wrote Dr. Bowers a letter, explaining his medical condition, indicating that he was not promptly receiving colon bags, describing the complications he was experiencing due to not promptly receiving colon bags, and requesting medical attention.  Plaintiff said that he never

received a response from Dr. Bowers.

On February 2, 2006, Dr. Bowers filed a motion to dismiss on these grounds: (1) qualified immunity bars Plaintiff's claims, (2) the Eleventh Amendment bars suits against state officials in their individual capacities when the state is the real party in interest, and (3) Plaintiff failed to state a claim upon which relief can be granted.  Def.'s Mot. to Dismiss at 4-9.  On May 24, 2006, this Court recommended that the District Court deny Dr. Bowers' motion to dismiss as it pertains to Plaintiff's 42 U.S.C. § 1983 claim against Dr. Bowers in his individual capacity, grant Dr. Bowers' motion to dismiss as it pertains to Plaintiff's § 1983 claim against Dr. Bowers in his official capacity,  and grant in entirety Dr. Bowers' motion to dismiss as it pertains to Plaintiff's negligence claim.  On July 11, 2006, the District Court accepted the recommendation.  Thus, Plaintiff's only remaining claim against Dr. Bowers is his § 1983 claim against Dr. Bowers in his individual capacity.  Dr. Bowers subsequently filed his Motion for Summary Judgment on July 20, 2006.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  The burden is on the movant to prove that no genuine issue of material fact exists.  *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir. 1990).  "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hilton v. Sw. Bell. Tel. Co.*, 936 F.2d 823, 827 (5th Cir. 1991) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), *cert. denied*, 502 U.S. 1048 (1992).  "'Material facts' are 'facts that might affect the outcome of the suit under the governing law.'" *Id.*

3

If the nonmovant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the nonmovant's case. *Little*, 37 F.3d at 1075. Rather, the movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* Once the movant meets his burden, the nonmovant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citing FED. R. CIV. P. 56). A party opposing a summary judgment motion cannot rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the summary judgment motion. See FED. R. CIV. P. 56(e); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995). In determining whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the nonmovant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000). However, if the nonmovant fails to establish a genuine issue of material fact as to all essential elements of his claim, the entry of summary judgment is mandated as to that claim. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991) (quoting *Celotex Corp.*, 477 U.S. at 322).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe his allegations liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75.

## III. ANALYSIS

4

Dr. Bowers' Motion for Summary Judgment is based on three grounds: (1) Dr. Bowers is entitled to qualified immunity; (2) Dr. Bowers was not deliberately indifferent to Plaintiff's medical condition; and (3) there is no evidence showing that any of Dr. Bowers' acts or omissions resulted in substantial harm to Plaintiff. Def.'s Br. at 4-8. Plaintiff has not responded to the summary judgment motion.

### A. Plaintiff's Failure to Respond

Although Plaintiff's failure to respond does not allow the Court to enter a "default" summary judgment, the Court is permitted to accept Dr. Bowers' evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.); *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A nonmovant who does not respond to the summary judgment motion is "relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serv. Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

The Court can rely on testimony given at an evidentiary hearing as summary judgment evidence if one was conducted as was such in this case. *See Bookman*, 945 F. Supp. at 1002-04 ("In . . . both *in forma pauperis* cases in which prisoner-plaintiffs failed to respond to summary judgment motions, the court assumed that *Spears* materials were competent summary judgment evidence." (citing *Albritton v. Pittman*, Civ. Action. No. 3:91-CV-1709-D, 1995 WL 907893 ( N.D. Tex. Apr. 7, 1995) (Fitzwater, J.); *McGriff v. King*, Civ. Action No. 3:93-CV-1386-D, 1995 WL 907892 (N.D. Tex. Apr. 28, 1995) (Fitzwater, J.))). However, Plaintiff needs to cite specific facts from the *Spears* materials in responding to the summary judgment motion. *Bookman*, 945 F. Supp. at 1003. If Plaintiff does not refer to evidence in the record, it is not properly before the Court to consider in

determining whether the motion for summary judgment should be granted. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment[.]" *Skotak*, 953 F.2d at 915 n.7.

Plaintiff's *pro se* status does not excuse him from filing a response. "District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response." *Bookman*, 945 F. Supp. at 1005. Plaintiff, despite his *pro se* status, "is not, as the party with the burden of proof [at trial], excused from the requirement that [he] set forth specific facts supporting [his] claim." *Id*. at 1004 (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Douglass v. United Servs. Auto Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995)). Since, Plaintiff failed to respond to the summary judgment motion, he has not met his burden of designating specific facts to show that there is a genuine issue for trial. *See Bookman*, 945 F. Supp. at 1004.

## B. Deliberate Indifference

Since Rule 56 does not allow a "default" summary judgment for Plaintiff's failure to file a response, this Court now addresses whether Dr. Bowers has shown that he is entitled to summary judgment. Dr. Bowers argues that his summary judgment motion should be granted because Plaintiff's deliberate indifference claim against Dr. Bowers fails. Def.'s Br. at 6-7.

As previously mentioned, Plaintiff's only remaining claim against Dr. Bowers is his § 1983 claim against Dr. Bowers in his individual capacity. For a § 1983 claim, Plaintiff must show that

Dr. Bowers acted under the color of law and that Dr. Bowers' conduct deprived Plaintiff of a constitutional right, privilege, or immunity. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981), *overruled on other grounds*, *Daniel v. Williams*, 474 U.S. 327 (1986).  As an employee of a state agency, Dr. Bowers was acting under the color of state law.  To state a claim for deprivation of medical care, Plaintiff must show that Dr. Bowers' actions or omissions were deliberately indifferent to Plaintiff's medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).  Deliberate indifference occurs when the state actor is aware of and disregards a serious medical condition of the plaintiff. *Farmer*, 511 U.S. at 837.  In addition, the state actor must be aware of facts "from which the inference could be drawn that a substantial risk of harm exists," and the state actor must also draw such an inference. *Id.*

Since Dr. Bowers does not have the burden of proof at trial, he can carry his summary judgment obligation by pointing to the absence of evidence supporting Plaintiff's claim. *Celotex Corp.*, 477 U.S. at 325.  Dr. Bowers asserts that there is no evidence showing that Dr. Bowers was aware of Plaintiff's medical complaints.  Def.'s Br. at 7.  As noted, because Plaintiff failed to respond to Dr. Bowers' summary judgment motion, this Court construes Dr. Bowers' evidence as undisputed.  The facts, as established by Dr. Bowers' undisputed and sworn affidavit show that Dr. Bowers did not know Plaintiff, he was not Plaintiff's treating physician, and he never received any correspondence from Plaintiff.  Def.'s Br. at 10-11; Ex. A.  Dr. Bowers became aware of Plaintiff's medical complaints for the first time when he got notice of Plaintiff's lawsuit. *Id.*  At that time, Dr. Bowers instructed one of the doctors on staff to look into the matter, attend to any medical needs, and report back to him about Plaintiff's condition. *Id.*  Therefore, Plaintiff's deliberate indifference

claim necessarily fails.  Deliberate indifference requires the state actor to be aware of the medical complaint.  *Farmer*, 511 U.S. at 837.  Dr. Bowers could not have been deliberately indifferent to Plaintiff's medical complaints since he was not aware of them.  Since Plaintiff failed to establish a genuine issue of material fact as to an essential element of his claim, Dr. Bowers' motion for summary judgment should be granted.  *See Dunn*, 927 F.2d at 872.

### C. Qualified Immunity

Dr. Bowers also argues that his summary judgment motion should be granted because he is entitled to qualified immunity.  Def.'s Br. at 4-6.  "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Therefore, Dr. Bowers' "conduct is protected by qualified immunity if, in light of legal rules that were clearly established at the time of the action, it was objectively reasonable."  *Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995).  "[T]he question of the objective reasonableness of the defendant's conduct" is "whether at the time and under the circumstances, all reasonable officials would have realized the particular challenged conduct violated the constitutional provision sued on."  *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

As noted, Dr. Bowers' sworn, uncontested affidavit attests that he was not aware of Plaintiff's complaints until after he was notified about Plaintiff's lawsuit.  Def.'s Br. at 10-11; Ex. A.  Dr. Bowers was not Plaintiff's treating physician and has never had any contact with Plaintiff.  *Id*.  Furthermore, after he became aware of Plaintiff's complaints, he took prompt action to address

8

them. *Id*. Therefore, in light of Dr. Bowers' undisputed evidence, Dr. Bowers' actions were objectively reasonable, and he is entitled to qualified immunity. Because this Court finds that Dr. Bowers' summary judgment motion should be granted based on the qualified immunity and deliberate indifference grounds, this Court does not address Dr. Bowers' substantial harm argument.

## IV. RECOMMENDATION

For the reasons stated above, this Court recommends that the District Court **GRANT** Dr. Bowers' Motion for Summary Judgment.

**SO RECOMMENDED**. November 15, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify the findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).